HUGHES v. CONSTANTIN.

(Supreme Court, Appellate Term, First Department. February 7, 1913.)

1. EVIDENCE (§ 441*)—PAROL EVIDENCE—VARYING WRITTEN ORDERS FOR MER--
CHANDISE.

Parol evidence that a buyer, ordering in writing merchandise for de-
livery about December 30th, told the seller's salesman that the mer-
chandise was intended for the Christmas trade, was incompetent, as
varying the written order.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1719-1845,
2030-2047; Dec. Dig. § 441.*]

2. SALES (§ 81*)—CONTRACTS—COMPLIANCE.

A contract calling for the delivery of merchandise about December 20th,
and for a shipment f. o. b. Boston, is complied with where the goods are
shipped on December 22d.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 217-223; Dec.
Dig. § 81.*]

Appeal from Municipal Court, Borough of Manhattan, First Dis-
trict.

Action by Thomas K. Hughes against George Constantin. From
a judgment of the Municipal Court for defendant in an action for
work, labor, and services performed, plaintiff appeals. Reversed, and
judgment directed for plaintiff.

Argued January term, 1913, before SEABURY, LEHMAN, and
PAGE, JJ.

Wilber, Norman & Kahn, of New York City (Samuel Reid, of
Brooklyn, of counsel), for appellant.

Frank E. Loughran, of New York City, for respondent.

LEHMAN, J. The plaintiff seeks to recover for the sale and de-
livery of certain calendars ordered by the defendant. The order was
in writing, upon a printed blank of defendant which contains the
words:

"The said mdse. to be delivered about ——— 190—. We pay no freight or
express charges. All goods f. o. b. Boston."

The defendant claims that the blank for the date contains the
words "20 Dec.," but a careful examination of the order and carbon
copy, I think, shows clearly that the date of delivery was "30 Dec."
The goods were shipped from Boston on December 22d and received
in New York on December 26th.

[1] The defendant was permitted to testify that at the time the
order was given he told the salesman that the calendars were intended
for the Christmas trade and must be delivered before December 20th.
This evidence was clearly incompetent, and tended to vary the written
term that delivery was to be made "about" December 30th.

[2] Even if the date of delivery of the order was "about 20 De-
cember," the contract called for a shipment f. o. b. Boston. The
goods were shipped on December 22d, and, unless the word "about"
is to be entirely disregarded, this delivery was in time.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Judgment should be reversed, with costs, and judgment directed for the plaintiff for the amount demanded in the complaint, with costs. All concur.